UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. WIN, et al.,<br><br>　　　　Defendants. | No.  2: 14-cv-0853 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff has paid the filing fee.  For the following reason, plaintiff's complaint is dismissed with leave to amend.

　　　　Named as defendants are Dr. Win, Dr. McAlpine, Dr. Austin, Chief Deputy Warden Arnold, R. Fleishman, Officer Robinson, Warden Swarthout, J. Arnett, T. Hood, Officer Casa, A. Guzman, T. Marsh, J. Gonzales, J. Wang, M. Sexton and J. Beard.

　　　　The gravamen of this action is plaintiff's claim that he received inadequate medical care for his keloid condition while housed at California State Prison-Solano ("CSP-Solano") and California State Prison-Corcoran ("Corcoran").  Plaintiff alleges that his treatment for his keloid condition was dictated by a settlement agreement he signed in 1994.  Plaintiff alleges that defendants Dr. Win, Dr. McAlpine and Dr. Austin, located at CSP-Solano, failed to provide adequate medical care for his keloid condition.

1     Plaintiff alleges that defendant Beard, the Director of the California Department of
2 Corrections and Rehabilitation ("CDCR"), permitted plaintiff's transfer from the California
3 Medical Facility ("CMF") to other prisons in violation of the 1994 settlement agreement.
4     Plaintiff alleges that defendant Fleishman, the Health Care Appeals Coordinator, was not
5 qualified to respond to plaintiff's grievances alleging inadequate medical care for his keloid
6 condition.  Plaintiff alleges that defendant Fleishman automatically denied plaintiff's grievances.
7     Plaintiff alleges that defendant Swarthout, CSP-Solano Warden, denied him adequate
8 medical care when he was the head of the classification committee that refused plaintiff's request
9 for single cell status based on his keloid condition.  Plaintiff alleges that defendant Arnold, a
10 member of the classification committee, denied him adequate medical care by refusing plaintiff's
11 request for single cell status.
12     Plaintiff alleges that when he arrived at CSP-Solano, defendant Robinson failed to provide
13 him with timely access to his personal and legal property.
14     The complaint contains allegations against N. Danbacher, although this individual is not
15 listed as a defendant in the section of the complaint listing the defendants.  Plaintiff alleges that
16 defendant Danbacher, the CSP-Solano Appeals Coordinator, did not timely respond to plaintiff's
17 grievances in violation of plaintiff's right to due process.
18     Plaintiff alleges that when he was transferred to Corcoran, he was assaulted by defendants
19 Casa, Arnett, Hood and Guzman when plaintiff refused to be double celled.  Plaintiff alleges that
20 defendant Marsh, the Supervising Lieutenant, approved false documents in order to cover-up the
21 alleged assault.  Plaintiff alleges that defendant Chief Deputy Warden Sexton presided over the
22 classification committee hearing where the alleged assault was addressed.  Plaintiff alleges that
23 defendant Sexton refused to allow plaintiff to talk about his medical needs.
24     Plaintiff alleges that defendant Dr. Wang, located at Corcoran, refused to return plaintiff
25 for surgery, as ordered by Dr. Grekin, who had previously treated plaintiff's keloid condition.
26 Plaintiff alleges that defendant Wang refused to renew plaintiff's pain medication.
27     A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil
28 Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the

same defendant.  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  However, unrelated claims that involve different defendants must be brought in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's claims alleging inadequate medical care for his keloid condition against defendants Win, McAlpine, Austin, Beard, Fleishman, Swarthout, Arnold and Wang are related.  The undersigned also finds that the plaintiff has stated potentially colorable claims for relief against these defendants.

Plaintiff's claims alleging improper denial of administrative grievances against defendant Danbacher and denial of access to property against defendant Robinson are not related to plaintiff's claims alleging inadequate medical care.[1]  The undersigned also finds that plaintiff's excessive force claims against defendants Casa, Arnett, Hood and Guzman, attempt to cover-up the excessive force against defendant Marsh, and the claims against defendant Sexton based on his presiding over the classification committee addressing the alleged excessive force, are not sufficiently related to plaintiff's claims alleging inadequate medical care.  As discussed above, plaintiff alleges that defendants Casa, Arnett, Hood and Guzman used excessive force after plaintiff refused to be double celled based on his keloid condition.  Whether defendants used excessive force and covered-up the incident is unrelated to plaintiff's claims alleging inadequate medical care for his keloid condition.

Because plaintiff's complaint does not comply with Federal Rules of Civil Procedure 18 and 20, plaintiff's complaint is dismissed with leave to amend.  Plaintiff's amended complaint should include only related claims, such as his claims alleging inadequate medical care against defendants Win, McAlpine, Austin, Beard, Fleishman, Swarthout, Arnold and Wang.

---

[1] Plaintiff's claim against defendant Danbacher is legally meritless.  The failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation.  There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

The undersigned also observes that plaintiff's complaint includes no claims against defendant Gonzales.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Instead of filing an amended complaint, plaintiff may file a request to voluntarily dismiss defendants Gonzales, Danbacher, Robinson, Casa, Arnett, Hood, Guzman, Marsh and Sexton.  The court will then order service of the original complaint as to plaintiff's claims alleging inadequate medical care against defendants Win, McAlpine, Austin, Beard, Fleishman, Swarthout, Arnold and Wang.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

////

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 4, 2014

Rush853.scr

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN, | No. 2: 14-cv-0853 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| DR. WIN, et al., | |
| Defendants. | |

  Plaintiff hereby submits the following document in compliance with the court's order filed_____.

  _____  Amended Complaint

DATED:

                _____
                Plaintiff