1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SALADIN RUSHDAN,                           No.  2:14-cv-0853 KJN P

12                  Plaintiff,

13          v.                                    ORDER

14    DR. WIN, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42

18    U.S.C. § 1983.  Pending before the court are plaintiff's motion for appointment of counsel and

19    motion to compel.

20    Motion for Appointment of Counsel

21          District courts lack authority to require counsel to represent indigent prisoners in section

22    1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

23    circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See

24    28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

25    Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

26    circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

27    well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

28    legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

1

1  abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

2  circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

3  legal education and limited law library access, do not establish exceptional circumstances that

4  warrant a request for voluntary assistance of counsel.

5          Having considered the factors under Palmer, the court finds that plaintiff has failed to

6  meet his burden of demonstrating exceptional circumstances warranting the appointment of

7  counsel at this time.

8  Motion to Compel

9          On October 22, 2014, the court granted plaintiff thirty days to return the forms necessary

10  to effect service, including USM-285 forms containing defendants' addresses for service.

11          In the pending motion to compel, plaintiff requests that the California Department of

12  Corrections and Rehabilitation ("CDCR") be directed to provide plaintiff with defendants'

13  addresses so that they may be served with process.  Plaintiff alleges that he does not have

14  defendants' addresses.

15          Defendants may be served at their place of employment.  The complaint indicates that

16  plaintiff has knowledge of where defendants are employed.  For this reason, plaintiff's motion to

17  compel is denied.

18          Accordingly, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's motion for the appointment of counsel (ECF No. 38) is denied without

20  prejudice; and

21          2.  Plaintiff's motion to compel (ECF No. 39) is denied; plaintiff is granted thirty days to

22  return the forms necessary for service of defendants.

23  Dated:  November 14, 2014

24

25                                        _____
                                          KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE
26  rush0853.31kjn

27

28

2